Judgment rendered March 3, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,743-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                         Appellee

Versus

BRYAN S. GIBSON                            Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 354,739

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
WILLIAM J. EDWARDS
TRENEISHA J. HILL
ALEX L. PORUBSKY
Assistant District Attorneys

* * * * *

Before STONE, COX, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable John Mosely, Jr., presiding. Defendant Bryan S. Gibson was convicted by a non-unanimous jury of manslaughter and sentenced to 35 years at hard labor. In light of the following reasons, we vacate Gibson's conviction and sentence and remand the matter to the trial court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On February 22, 2018, Gibson was charged by bill of indictment with the second-degree murder of Larry Davis,[1] a violation of La. R.S. 14:30.1. Gibson entered a plea of not guilty. On June 28, 2019, Gibson filed a motion to require a unanimous jury verdict; the State filed an objection to this motion. The motion was denied by the trial court on July 24, 2019. A jury trial was held, and on September 30, 2019, the jury found Gibson guilty of the responsive verdict of manslaughter, a violation of La. R.S. 14:31. The jury was polled; 11 of 12 jurors concurred in the guilty verdict, resulting in a non-unanimous verdict.

A motion for new trial filed by Gibson on October 18, 2019, was denied by the trial court on October 28, 2019. On that same date, and without a waiver of delay, the trial court sentenced Gibson to 35 years at hard labor. Having been advised of his appeal rights and post-conviction relief time limits, Gibson filed the instant appeal.

---

[1] The offense occurred on January 3, 2018.

**DISCUSSION**

The sole issue on appeal is the non-unanimous verdict. Gibson asked this Court to set aside his conviction and sentence and remand his case for new trial. The State, in its brief, concurred.

In the recent decision of *Ramos v. Louisiana*, 590 U.S. \_\_\_, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), the United States Supreme Court held that the right to a jury trial under the Sixth Amendment to the U.S. Constitution, incorporated against the states by way of the Fourteenth Amendment to the U.S. Constitution, requires a unanimous verdict to convict a defendant of the same offense. The *Ramos* court further indicated that its ruling may require retrial of those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. *Ramos*, 140 S. Ct. at 1406. As the verdict in this case was not unanimous, we hereby vacate the conviction and sentence, and the case is remanded to the trial court for further proceedings.

**CONCLUSION**

For the reasons set forth above, Defendant Bryan S. Gibson's conviction and sentence are vacated, and the case is remanded to the trial court.

VACATED AND REMANDED.